**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: November 20, 2023
Date Decided: December 8, 2023

Francis Pileggi, Esquire
Sean Brennecke, Esquire
Aimee Czachorowski, Esquire
LEWIS BRISBOIS BISGAARD
& SMITH LLP
500 Delaware Avenue, Suite 700
Wilmington, DE 19801

Andre Dupre, Esquire
Steven Wood, Esquire
Johanna Peuscher-Funk, Esquire
Kendeil A. Dorvilier, Esquire
MCCARTER & ENGLISH LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801

Re: *Barry Leistner v. Red Mud Enterprises LLC,*
C.A. No. 2023-0503-SEM

Dear Counsel:

Before me are Plaintiff's Exceptions to the Magistrate's Final Report of September 7, 2023 (the "Report"), denying a books and records request.[1] Plaintiff, Barry Leistner, is a member and investor of Red Mud Enterprises LLC (the "Company").[2] In an unrelated New York action, in 2010, Plaintiff obtained a default judgment against the principals of Red Mud. Despite obtaining the judgment, Plaintiff continued to do business with the principals. But distrust and contentious

---

[1] Bench Ruling before Magistrate in Chancery, Dkt. No. 78; Tr. Tel. Post-Trial Rulings of Magistrate's Final Report, Dkt. No. 83 ("Report").
[2] According to the parties, the Company business involves a process to remediate the industrial waste "red mud," a byproduct of aluminum production. *See* Pl.'s Mem. in Supp. of Exceptions to Magistrate's Report 13–14, Dkt. No. 86 ("Pl.'s Exceptions").

discussions among the parties persisted over several years. Thereafter, Plaintiff became a member of Red Mud and made a books and record demand, which was divided into four categories and subdivided into 42 sub-categories (the "Demand"). The Company deemed the Demand unreasonable, characterizing the Demand as a "fishing expedition" and beyond the scope required by the LLC agreement. The Magistrate found that the Company had met its burden to show that its decision was proper, since Plaintiff's purposes in seeking books and records were to pursue his interests as a judgment creditor of Red Mud's principals, and also to become involved in the day-to-day management of the Company, which was a role not guaranteed by the LLC agreement.[3]

I have reviewed the record and arguments, together with the Magistrate's thoughtful decision. Plaintiff sought records purportedly to value his interest in Red Mud. That is undoubtedly a proper purpose. The evidence presented to the Magistrate, however, indicates that, as the Magistrate found, the primary purpose of Plaintiff was not a stockholder interest.[4] This is strongly supported by the breadth and nature of the documents sought, which go far beyond those needed for a stockholder purpose. Upon *de novo* review,[5] I adopt the Magistrate's Report. Specifically, Plaintiff's document request is overbroad, to the extent it is not

---

[3] Report 33–39.
[4] *Id.*
[5] *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

2

sustainable under the rationale expressed in *Highland Select Equity Fund, L.P. v. Motient Corporation.*[6]  Plaintiff in exceptions asks me to, "at a minimum," tailor his request to provide valuation materials.[7]  That I decline to do on exceptions.  To the extent Plaintiff requires documents to value his interests, or for some other stockholder purpose, this decision of course is without prejudice to Plaintiff's right to seek books and records going forward upon a reasonable demand.  To the extent Plaintiff cites "late discovered evidence," that evidence may be relevant to any litigation over a subsequent demand, if any.

In addition to the records demand based on the LLC agreement and the statute, the litigation also sought documents as a matter of separate contract. I adopt the Magistrate's finding that specific performance of these obligations is unnecessary, since the records have been produced.[8]

For the foregoing reasons, and for the reasons explained in the Magistrate's well-reasoned bench ruling of September 7, 2023, Plaintiff's Exceptions are DENIED.  To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

---

[6] 906 A.2d 156, 157 (Del. Ch. 2006), *aff'd sub nom. Highland Equity Fund, L.P. v. Motient Corp.*, 922 A.2d 415 (Del. 2007).
[7] Pl.'s Exceptions 4.
[8] Report 26.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor